UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATTHEW MCWIILLIAMS,

        Plaintiff,

vs.                                      CASE NO. 3:05cv250-RS

RON MCNESBY, in his official capacity
as SHERIFF of ESCAMBIA COUNTY,
FLORIDA; JOHNNY WILSON,
in his individual capacity; and OWL'S
NESTOF PENSACOLA BEACH, INC. d/b/a
BAMBOO WILLIE'S BEACHSIDE BAR,

        Defendants.
_____/

**ORDER ON MOTION TO DISMISS**

        Before the Court are Defendant, Owl's Nest of Pensacola Beach, Inc.'s, Motion to Dismiss Counts IV and VI of Plaintiff's Complaint (With Incorporated Memorandum of Law) (Document 5) and Plaintiff's Response (Document 8).

**FACTS**

        Allegedly on or about July 21, 2001, Plaintiff Matthew McWilliams ("McWilliams") was a guest of Defendant Owl's Nest of Pensacola Beach, Inc. d/b/a Bamboo Willie's Beachside Bar ("Bamboo Willie's").  For reasons and events that are uncertain, Defendant Johnny Wilson ("Wilson"), an Escambia County sheriff's deputy who at the time was working as an off-duty security guard at Bamboo Willie's, approached McWilliams and told him to leave.  For reasons and events that are also uncertain, Wilson proceeded to handcuff McWilliams.  The events which transpired next are disputed.  The Complaint alleges that after Wilson handcuffed McWilliams's left hand, McWilliams's right hand "rolled out of the other open cuff."  Compl. ¶ 21.  "At no time did

Mr. McWilliams actively pull his hand away or attempt to evade being handcuffed by Defendant Wilson." Compl. ¶ 21.  "After Mr. McWilliams' right hand rolled out of the handcuff, Defendant Wilson violently slammed Mr. McWilliams' face into the bar's railing and then slammed Mr. McWilliams to the ground.  Mr. McWilliams' face immediately began gushing blood, particularly from his right eye."  Compl. ¶ 22.  "Defendant Wilson then shoved his knee into Mr. McWilliams' back and finished handcuffing him."  Compl. ¶ 23.  The parties agree that McWilliams was injured and received medical treatment.

The Complaint asserts six causes of action.  Count I alleges that Wilson used "excessive force" against McWilliams, in violation of McWilliams's constitutional and civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.  Counts II through IV are battery claims arising under state law against Wilson, Ron McNesby in his official capacity as sheriff of Escambia County, and Bamboo Willie's, respectively.  Counts V and VI are negligence claims arising under state law against Ron McNesby in his official capacity as sheriff of Escambia County and Bamboo Willie's, respectively.

On August 24, 2005, Bamboo Willie's filed a Motion to Dismiss Counts IV and VI (Document 5) for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Bamboo Willie's argues that it is not liable for the alleged actions of Wilson.  The Motion to Dismiss alleges that Bamboo Willie's hired Wilson as an "independent contractor" or as a "dual employee" with the Escambia County Sheriff's Office.  Bamboo Willie's further contends that when Wilson chose to apprehend McWilliams and place him in police custody, Wilson ceased functioning as an independent contractor or dual employee and acted solely as an officer of the state outside the scope of his employment with Bamboo Willie's.  "Plaintiff cannot allege or prove that Bamboo Willie's had any control over the decision to formally arrest Plaintiff nor any decision or control to actively influence how such arrest was performed."  Def.'s Mot. Dismiss 5-6.  Therefore, Bamboo Willie's argues that the alleged torts committed by Wilson cannot properly be imputed to Bamboo Willie's via the doctrine of respondeat superior.

## DISCUSSION

### I. Standard of Review

A motion to dismiss under Rule 12(b)(6) is designed to eliminate a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).  In deciding whether to grant or deny the motion, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 235 (1974); Lopez v. First Union Nat'l Bank of Florida, 129 F.3d 1186, 1189 (11th Cir. 1997); Harper v. Thomas, 988 F.2d 101, 103 (11th Cir. 1993).  Dismissal for failure to state a claim is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Pautala Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1240 (11th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  If the facts alleged in the complaint would allow recovery under any possible theory regardless of whether they would allow recovery under the particular theory pleaded, the motion must be denied.  See Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992).  Because this standard imposes such a heavy burden on the defendant, see Beck v. Deloitte & Touche, 144 F.3d 732, 735-36 (11th Cir. 1998), Rule 12(b)(6) motions are rarely granted.  See St. Joseph's Hosp., Inc. v. Hospital Corp. of America, 795 F.2d 948, 953 (11th Cir. 1986).

The court is not required, however, to accept as true the plaintiff's conclusions of law.  See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)).  On the contrary, the court may make its own determination of the legal issue, . . . ."  Solis-Ramirez, 758 F.2d at 1429.  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset Mgmt. Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citing South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).  Judged by these standards, Counts IV and VI sufficiently plead claims upon which relief can be granted.

**II.  The Sufficiency of Counts IV and VI**

The issue is whether Bamboo Willie's can be held liable for the tortious acts that were allegedly committed by Wilson.  Under Florida law, "an employer is vicariously liable for the torts of his employee (acting within the scope of his employment) under the doctrine of respondeat superior, but . . . an employer is [generally] not liable for torts caused by one considered the employer's independent contractor." Georgia-Pacific Corp. v. Edmond Charles, 479 So. 2d 140, 142 (Fla. Dist. Ct. App. 5th 1985) (citing Lee v. American Family Life Assurance Co., 431 So. 2d 249, 250 (Fla. Dist. Ct. App. 1st 1983); Roark v. Peters, 242 So. 2d 199, 200 (Fla. Dist. Ct. App. 1st 1970)).  Bamboo Willie's contends that Wilson was either acting as an independent contractor (Def.'s Mot. Dismiss ¶ 6, 10, 11) or solely as an officer of the state "at the moment Defendant Wilson chose to formally apprehend Plaintiff and place him in police custody."  Def.'s Mot. Dismiss 5 (emphasis added).

The Complaint, however, clearly alleges that "[a]t all times relevant, Defendant Wilson acted as an *agent and employee* of both Defendant Sheriff and Defendant Bamboo Willie's, and all of Defendant Wilson's actions were carried out in the course and scope of said agency."  Compl. ¶ 28 (emphasis added).  The assertion of an agency-employee relationship between Wilson and Bamboo Willie's in the Complaint establishes a basis for imputing liability to Bamboo Willie's in Counts IV and VI. Whether an agency-employee relationship *actually* existed during the critical time period can only be determined by the evidence and not by the face of the Complaint.  Bamboo Willie's has offered no facts or legal authority to support the implication in its Motion to Dismiss that Wilson was, *as a matter of law*, acting solely as a state actor or as an independent contractor.  Therefore, it would be improper to dismiss Counts IV and VI.

It is the role of the jury to determine the type of relationship that existed between Wilson and Bamboo Willie's after considering the factors in the Restatement and the Restatement (Second) of the Law of Agency that have been adopted by Florida courts. See Georgia-Pacific Corp., 479 So. 2d at 142 (citing Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So. 2d 858 (1941); Hilldrup Transfer & Storage v. State Dept. of Labor, etc., 447 So. 2d 414 (Fla. Dist. Ct. App. 5th 1984).  Only "[i]f the

inference is clear that there is, or is not, a master and [employee] relation, [is the decision] made by the court; otherwise the jury determines the question after instruction by the court as to the matters of fact to be considered." Restatement (Second) of Agency, § 220, comment c (1958).  Thus, Bamboo Willie's argument that it is not liable for the torts that were allegedly committed by Wilson is an argument that is more appropriately made in a motion for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, can be examined to determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).

Bamboo Willie's cites two cases in support of its Motion to Dismiss.  In Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982), the court held that an employer is not liable under Section 1983 for the constitutional violations of an employee unless the employee acted pursuant to an "impermissible policy" or a "'constitutionally forbidden' rule or procedure" of the employer.  Iskander is inapplicable to this case because Counts IV and VI of the Complaint do not allege that Bamboo Willie's is liable under Section 1983; rather, Counts IV and VI allege that Bamboo Willie's is liable under *state* law for battery and negligence.  Under Florida law, Bamboo Willie's can be held liable for the torts of an employee pursuant to the doctrine of respondeat superior.  Thus, Iskander is inapplicable.

The second case cited by Bamboo Willie's in support of its Motion to Dismiss is Van Ness v. Independent Construction Co., 392 So. 2d 1017, 1019 (Fla. Dist. Ct. App. 5th 1981).  The Van Ness court required active participation by the employer over the independent contractor which directly influences the manner in which the work is to be performed in order to hold the employer liable for the acts of the independent contractor. Here, however, it has not been established that Wilson was an independent contractor. Even if Wilson were an independent contractor, it is uncertain at this point whether Bamboo Willie's exercised the control, supervision, and direction needed to incur liability.  Thus, Bamboo Willie's citation of Van Ness is premature.

## CONCLUSION

Counts IV and VI of the Complaint state claims upon which relief can be granted. Defendant, Owl's Nest of Pensacola Beach, Inc.'s, Motion to Dismiss Counts IV and VI of Plaintiff's Complaint (With Incorporated Memorandum of Law) (Document 5) is denied.

Ordered on January 20, 2006.

**/s/ Richard Smoak**
**Richard Smoak**
**United States District Judge**